IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JEAN PEELE,                              ) C/A NO. 03A01-9707-CV-00244
                                         )
    Plaintiff-Appellant,             ) KNOX CIRCUIT
                                         )
v.                                       ) HON. DALE C. WORKMAN,
                                         ) JUDGE
RICHARD M. EARL, JR.,                    )
Individually and d/b/a FINANCIAL         )
SERVICES COMPANY,                        ) AFFIRMED
                                         ) AND
    Defendant-Appellee.              ) REMANDED

SAMUEL W. BROWN, LOCKRIDGE, BECKER & VALONE, P.C., Knoxville, for Plaintiff-Appellant.

FARRELL A. LEVY and JAY W. MADER, MCDONALD, LEVY & TAYLOR, Knoxville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

    In this action for debt, the Trial Judge, after an evidentiary hearing, dismissed the suit as to Richard M. Earl, Jr., and entered judgment against Financial Services Company in the amount of $5,000.00. Plaintiff has appealed.

    Plaintiff brought the initial action in Sessions Court, wherein her stated cause of action was:

[For] $7,200.00 which represents a debt of a partnership Financial Services Company incurred by Michael B. Metzger, a partner in this company, on behalf of the partnership. Mr. Earl is also a partner.

We conclude after reviewing the narrative transcript of the evidence and exhibits, that the evidence does not preponderate against the Trial Judge's finding that defendant Earl was not liable to the plaintiff for the debt. *See* T.R.A.P. Rule 13(d).

The record shows that plaintiff engaged in certain business dealings with Michael B. Metzger, who in some fashion was involved with a trust known as Financial Services Company, wherein defendant Earl acted as the Managing Trust Director. Metzger's dealings with the plaintiff can be characterized as a variation on a "Ponzi scheme". The evidence preponderates that Metzger was not authorized to borrow any money on behalf of Financial Services Company or otherwise bind the company or Earl by signing or stamping Earl's name. In plaintiff's relationship with Metzger, she wrote a check in the amount of $5,000.00 payable to Metzger on July 5, 1994. In return for this check, Metzger wrote a check in the amount of $6,000.00 to plaintiff on that date. The check to plaintiff was drawn on Metzger's personal account in his bank, and plaintiff's $6,000.00 check was honored on July 13, 1994. After Metzger's check was honored, plaintiff wrote a second check to Metzger in the amount of $6,000.00 on July 18, 1994. Metzger was about to leave town and defendant Earl picked up the check for Metzger at plaintiff's business. The check was deposited in Metzger's personal checking account the same day. In return for that check, Metzger provided plaintiff with his personal check post-dated August 8, 1994, in the amount of $7,200.00. When plaintiff negotiated that check, however, it was returned not paid as the result of insufficient funds. When this occurred, Metzger issued plaintiff and her husband a letter in the form of a promissory note for $7,200.00 at 12% interest, dated September 29, 1994. The note was signed by Michael B. Metzger, who identified himself on the note as Trust Director/Financial Services

2

Company. At this juncture, we note that defendant Earl testified that Metzger was not authorized to represent the company in that capacity, and that any document purporting to authorize Metzger to act was forged. The Trial Judge evidently accepted Earl's testimony as true on this issue. Metzger then left town and failed to make good on the check or promissory note. Subsequently, Earl signed a check drawn on Financial Services Company in the amount of $200.00 to plaintiff for "interest on Metzger's loan". Earl also testified that neither Financial Services Company nor himself received the money obtained by Metzger or benefitted from the transaction in any way, nor did Financial Services guarantee the loan made by Metzger.

The evidence as demonstrated by the checks and other documents, is that the transactions were between the plaintiff and Metzger individually, and plaintiff has established no basis to hold defendant Earl personally liable for these transactions.

As best we can tell from the record, it was plaintiff's theory below that Earl was a partner of Metzger in a partnership known as Financial Services Company. The evidence establishes there was no partnership operating under this name or that Metzger and Earl were partners.

Plaintiff argues that Earl is liable under T.C.A. §48-12-104 for pre-corporation transactions. The record does not establish that this theory was advanced below, but in any event, the evidence does not establish a basis to hold Earl liable under this provision of the Code.

Finally, plaintiff argues that she should have been awarded $7,200.00 plus interest against the remaining defendant. We find this issue to be without merit from the evidence in the record.

Accordingly, we affirm the judgment of the Trial Court with costs of the appeal assessed to appellant.

3

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
William H. Inman, Sr.J.